UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP HUGH WENTZEL,

                Petitioner,

-against-

W.S. PLILER, WARDEN,

                Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/11/2023_____
```

21 Civ. 9245 (AT) (JLC)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Petitioner *pro se*, Philip Hugh Wentzel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Pet., ECF No. 1. On December 9, 2021, the Court ordered Respondent, Warden W.S. Pliler, to answer the Petition, and referred the Petition to the Honorable James L. Cott for a report and recommendation. ECF Nos. 6–7.[1] On March 23, 2022, Respondent filed his answer and opposition to Wentzel's petition. ECF No. 18. Wentzel filed a reply on May 26, 2022. ECF No. 25.

    Before the Court is Judge Cott's Report and Recommendation (the "R&R"), dated October 17, 2022, which recommends that the Petition be denied. *See generally* R&R, ECF No. 28. On November 14, 2022, Wentzel filed timely objections to the R&R. Pet'r Obj., ECF No. 32; *see* ECF No. 31. On November 29, 2022, Respondent submitted a response to Wentzel's objections. Resp.

    For the reasons stated below, the Court OVERRULES Wentzel's objections to the R&R, ADOPTS the R&R's conclusions, and DENIES the Petition.

---

[1] Respondent's full name is William S. Pliler. Resp. at 1, ECF No. 34.

## DISCUSSION[2]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

---

[2] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–10, and, therefore, does not summarize them here.

2

2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

   II.   Wentzel's Objections

Wentzel objects to Judge Cott's determination that the "disciplinary determination finding [Wentzel] guilty of fighting with another inmate" was consistent with due process based on "some reliable evidence," R&R at 1, 24. Pet'r Obj. at 4–5 (citing R&R at 14). Wentzel argues that the "R&R misconstrues [the legal standards concerning] 'some evidence' and 'reliable evidence[]'" in this context. *Id.* at 4. Citing *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004), and *Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004), Wentzel contends that the caselaw in this Circuit "require[s] that the evidence be reliable, not just 'some,' 'any[,]'[] or fantastical." Pet'r Obj. at 5 (emphasis omitted). Wentzel misreads the R&R. Judge Cott explains that "[j]udicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence,'" and that *Luna* "constru[es] 'some evidence' as 'reliable evidence' of [an] inmate's guilt[.]" R&R at 14. Wentzel's contention that "[t]here is no[] . . . reliable evidence supporting the [Disciplinary Hearing Officer]'s [("DHO")] findings," Pet'r Obj. at 9 (emphases omitted), 9–12 (citing R&R at 23), and that Judge Cott "incorrectly decided otherwise," *id.* at 10, reiterates his original arguments, Pet. at 19–24. Wentzel's objection, therefore, does not trigger *de novo* review. The Court finds no clear error on this ground.

Wentzel also objects to Judge Cott's finding that "Wentzel's claim that it violated [Bureau of Prisons] Program Statement 5270.09 to deprive him of the opportunity to read aloud his written statement at the DHO hearing . . . is not cognizable." Pet'r Obj. at 7 (citing R&R 18

3

n.15).  Wentzel argues that his "opportunity . . . to present relevant evidence and witnesses [at the disciplinary hearing] was impaired" because his written statement, though "accepted in writing during the DHO hearing, . . . was never read or considered by the DHO." *Id.* (emphases omitted).  Wentzel states that "[n]o [Special Investigative Services] interview was ever conducted" and he "was never permitted to identify potential witnesses or evidence." *Id.* Wentzel's first two points reiterate arguments that Judge Cott already considered.  R&R at 4, 16–18, 23–24.  The Court concludes that Judge Cott's decision was not clearly erroneous. Wentzel could have raised his third point before Judge Cott, but did not do so.  *Id.* at 16.  As such, the Court shall not consider this argument.  *Gladden*, 394 F. Supp. 3d at 480.

Wentzel's objections are otherwise general or conclusory, or restate Wentzel's original arguments.  *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1.  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

Accordingly, the Court OVERRULES Wentzel's objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Wentzel's objections to the R&R and ADOPTS the R&R's conclusions.  The Petition is DENIED.

The Clerk of Court is directed to mail a copy of this order to Petitioner *pro se* and close the case.

SO ORDERED.

Dated:  August 11, 2023
         New York, New York

_____
ANALISA TORRES
United States District Judge